IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Criminal No. 3:09-825-17-CMC |
| vs. | **OPINION AND ORDER** |
| Terrance Franklin Scott,<br>          Defendant. | |

This case comes before the court on Defendant's *pro se* Motion for Relief Under First Step Act of 2018. ECF No. 1671. The Government filed a Response in Opposition. ECF No. 1685. The United States Probation Office filed a Sentence Reduction Report indicating Defendant does not qualify for relief under the Act. ECF No. 1682.

The court has reviewed the above filings as well as the Superseding Indictment (ECF No. 319), Defendant's Plea Agreement (ECF No. 555), Transcript of Rule 11 hearing (ECF No. 1706), and PreSentence Report ("PSR") (ECF No. 1682-1), and concludes that Defendant is not eligible for relief under the First Step Act.

## BACKGROUND

It was charged in Count 1 of the Superseding Indictment that Defendant:

> knowingly and intentionally did combine, conspire, agree and have tacit understanding with each other and with others, both known and unknown to the grand jury, to knowingly, intentionally, and unlawfully possess with intent to distribute and to distribute cocaine and cocaine base (commonly known as "crack" cocaine), both Schedule II controlled substances, said conspiracy involving 5 kilograms or more of cocaine, and 50 grams or more of "crack" cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); All in violation of Title 21, United States Code, Section 846.

ECF No. 319 at 1.

Defendant thereafter entered into a Plea Agreement that provided for a plea to a lesser included offense to Count 1 and to Count 9:

> The Defendant agrees to plead guilty to Counts 1 and 9 of the Superseding Indictment now pending, which charges (1) conspiracy to distribute cocaine and "crack" cocaine, said conspiracy involving 5 grams or more of "crack" cocaine and 500 grams or more of cocaine, . . . a violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(B); and (3) possession of a firearm during and in connection with a drug trafficking crime, a violation of 18, United States Code, Section 924(c).
>
> In order to sustain its burden of proof as to this offense, the Government is required to prove the following:
>
> Count 1
>
> A. The conspiracy was knowingly and willfully formed and was in existence on or about the dates set forth in the Superseding Indictment;
> B. The defendant joined the conspiracy with knowledge of the conspiracy's unlawful purpose; and
> C. The defendant distributed 5 grams of "crack" cocaine and 500 grams or more of cocaine, agreed to the distribution of those quantities or the distribution of those quantities was reasonably foreseeable to the defendant and within the scope of his agreement.
>
> Possible Penalties for 21 U.S.C. § 846
> A mandatory minimum term of ten years, a maximum of life, a maximum fine of $4 million dollars, a term of supervised release of 8 years and a $100.00 special assessment.[1]
>
> Count 9
>
> A. The Defendant was engaged in illegal drug trafficking;
> B. The Defendant possessed a firearm; and
> C. The firearm was connected to and was designed to further the Defendant's drug trafficking in some way.

---

[1] Defendant's mandatory minimum was enhanced based on prior felony drug convictions. 21 U.S.C. § 851.

Possible Penalties for 18 U.S.C. § 924(c)

A minimum sentence of five years and a maximum sentence of life to be served consecutively to any other sentence, a maximum fine of $250,000, a term of supervised release of not more than five years and a $100 special assessment.

ECF No. 555 at 1-3.

At the Rule 11 hearing, the court advised Defendant:

Okay. Now, we are going to go over the precise charges, and so I think everybody is pleading to one form or the other of Count 1. Some of you are pleading to the actual charged amount and some of you are pleading to the lesser amount, but they are all the same charge in the sense that they are all a drug conspiracy charge.
Count 1 charges in the superseding indictment that beginning in or around June of 2006 and continuing thereafter that a number of people, including you and others, knowingly and intentionally did combine and conspire and agree with each other to knowingly, intentionally, and unlawfully possess with intent to distribute, and to distribute, cocaine and crack cocaine, both Schedule II controlled substances.
It is alleged that the greater conspiracy the charged conspiracy in Count 1 involved five grams or more of crack and 500 grams or more of cocaine. Now, . . . the government would have to prove three things, and they would have to prove each of these things beyond a reasonable doubt: One, this conspiracy was knowingly and willfully formed, and it was in existence on or about the dates charged.
Second, at some point you joined the conspiracy with knowledge of its unlawful purpose. And then third, they would have to prove, depending on what your plea is, that you either personally distributed the amount of crack and powder discussed in your plea agreement, or you agreed to help others do that, or that it was reasonably foreseeable to you and within the scope of your agreement that others would do that. So that's what they would have to be able to prove as to count 1.
…
And Mr. Scott, in your case we are talking about the lesser included of count 1, five grams or more of crack, 500 grams or more of powder. And in Count 9 we are talking about a drug trafficking crime with a firearm.
And Count 9 specifically charges that on or about December the 2nd of 2008 you did knowingly use and carry a firearm during and in relation to and did possess a firearm in furtherance of a drug trafficking crime prosecutable in a court of the United States. . . . Do you understand what they would have to prove as to Count 1 and Count 9, Mr. Scott?
Mr. Scott: Yes, ma'am.

3

ECF No. 1706 at 43-44, 46-47.

The Government, through FBI Special Agent Michael Stansbury, summarized the evidence against Defendant, explaining

> Mr. Scott, the FBI became aware of Mr. Scott during the course of our wiretap of Tarrel Lide on a related indictment. During the course of this investigation we intercepted some wire calls involving Mr. Scott and Mr. Tarrel Lide, and also involving Mr. Scott's role with David Damond Johnson.
> Early in our investigation the FBI obtained evidence that Mr. Scott himself was actually receiving crack cocaine from David Damond Johnson, a co-defendant in a related case before your honor, and then selling that crack cocaine.

Special Agent Stansbury related a search warrant on Tree Street led to the discovery of more than 50 grams of crack cocaine and a firearm at Mr. Scott's residence, where he was arrested. The FBI learned that after his release, Mr. Scott

> continued to be involved in this conspiracy, because by this time he himself was getting crack cocaine directly -- or I'm sorry, cocaine directly from Mr. Pretty, and then that cocaine was being converted into crack and sold. During the course – over the next few months, during the time he was indicted in this federal case, he did receive at least 30 ounces of powder cocaine from Mr. Pretty himself, that much of it was converted into crack cocaine. So, during the course of this, he himself sold more than five grams of crack and was directly involved in more than 500 grams of powder cocaine.

*Id.* at 62-64.

Thereafter the court inquired of Defendant as follows:

The court: Do you agree or disagree with what Agent Stansbury said you did?
Mr. Scott: I agree.
The court: Do you admit as to Count 1 on a conspiracy that you were personally involved in at least five grams of crack and 500 grams of cocaine?
Mr. Scott: Yes, ma'am.
The court: And do you admit that the – you threw the firearm and the drugs out the window when the police came to your house?
Mr. Scott: Yes, ma'am.

4

> . . .
> The court: All right. Then how do you wish to plead to the lesser included charge in count 1 and the charge in Count 9, not guilty or guilty?
> Mr. Scott: Guilty.

*Id.* at 65-66.

## ANALYSIS

Under the First Step Act, the court may impose a reduced sentence only if it previously imposed a sentence for a "covered offense" – *i.e.*, a "violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, . . . that was committed before August 3, 2010." Because sections 2 and 3 of the Fair Sentencing Act have no effect on the statutory penalty for Defendant's offense of conspiring to possess with intent to distribute both 500 grams or more of cocaine and 5 grams or more of cocaine base, a violation of 21 U.S.C. §§ 846, 841 (b)(1)(B), Count 1 is not a covered offense eligible for First Step Act relief. Section 2 of the Fair Sentencing Act amended the threshold cocaine base amounts triggering §§841(b)(1)(A) and (B)'s penalties, amending § 841(b)(1)(A)(iii) "by striking '50 grams' and inserting '280 grams,'" and amending § 841(b)(1)(B)(iii) "by striking '5 grams' and inserting '28 grams.'" Fair Sentencing Act, § 2, Pub. L. No. 111-220, 124 Stat. 2372. Section 3 of the Fair Sentencing Act eliminated the mandatory minimum sentence for simple possession. Fair Sentencing Act, § 3, Pub. L. No. 111-220, 124 Stat. 2372. Neither section altered the statutory penalties for offenses involving powder cocaine.

Both before and after the effective date of sections 2 and 3 of the Fair Sentencing Act, the statutory penalty for Defendant's offense of conviction in Count 1 is ten years to Life

5

imprisonment pursuant to 21 U.S.C. § 841(b)(1)(B).  Regardless of whether Defendant's cocaine base amount still triggers his original statutory penalty range, 500 grams or more of powder cocaine does.[2]  The statutory penalty for conspiracy to distribute 500 grams or more of cocaine given Defendant's prior felony drug convictions remains ten years to Life imprisonment.

Congress, in enacting § 404 of the First Step Act in 2018, was concerned about a particular class of defendants – those whose statutory penalties for cocaine base would have been lower but for the fortuity they were sentenced before August 3, 2010, and therefore could not take advantage of the Fair Sentencing Act.  *See Dorsey v. United States*, 567 U.S. 260, 264 (2012) (concluding the Fair Sentencing Act's more lenient penalty provisions apply to defendants sentenced after August 3, 2010, whether or not their crimes were committed before that date).  Defendants sentenced today for the same offense Defendant committed face the same statutory penalty range Defendant faced.  Granting Defendant a sentence unavailable to defendants charged and sentenced today would turn the First Step Act's goal on its head.

The court denies Defendant's motion.  The record reflects Defendant agreed to plead guilty and did plead guilty to conspiracy to distribute five grams or more of cocaine base <u>and</u> 500 grams or more of cocaine.  He admitted he was "personally involved" with at least five grams of cocaine base and 500 grams of cocaine during the conspiracy.  His statutory penalty was not therefore controlled by his guilty plea to conspiracy involving five grams or more of cocaine base.  Because

---

[2] The Fair Sentencing Act could have retroactively decriminalized cocaine base but even that would have had no effect on Defendant's statutory penalty.

he also admitted guilt to conspiracy to distribute 500 grams or more of cocaine, his statutory penalty range was 10 years to Life, independent of the penalty applicable to conspiracy to distribute cocaine base.[3]

The intent of the First Step Act's cocaine base penalty changes was to provide Fair Sentencing Act relief to those whose statutory range was driven by cocaine base disparities before the passage of the Fair Sentencing Act. Persons whose statutory ranges were not affected by such disparities are not eligible for relief. That is what happened here.

---

[3] *United States v. Juan Mendoza*, __ F. App'x __, 2019 WL 4051965, at *1, (4th Cir. Aug. 28, 2019) (affirming district court's denial of First Step Act motion where defendant pled guilty to conspiracy to distribute 5 kilograms or more of cocaine, 50 grams or more of cocaine base, and a quantity of marijuana), *aff'g* 2019 WL 1593998 (D.S.C. Apr. 15, 2019); *United States v. Westbrook*, __ F. App'x __, 2019 WL 3991466, at *1 (4th Cir. Aug. 23, 2019) (affirming district court's denial of First Step Act motion where defendant pled guilty to conspiracy with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base), *aff'g* 2019 WL 1542571 (D.S.C. April 9, 2019); *United States v. Spencer*, Cr. No. 07-174, 2019 WL 3369794, at *2 (D. Minn. July 26, 2019) ("Because the statutory penalties for Spencer's powder cocaine offenses in Counts 1 and 4 were not modified by the Fair Sentencing Act, the offenses are not "covered offenses" under the First Step Act."); *United States v. Smith*, No. 8:02-cr-448, 2019 WL 2330482, at *1 (M.D. Fla. May 31, 2019); *United States v. Jones*, Cr. No. 94-0067, 2019 WL 1560879, at *2 S.D. Ala. April 9, 2019). *But see United States v. Medina*, No. 3:05-cv-58, 2019 WL 3766392, at * 2 (D. Conn. Aug. 8, 2019); *United States v. Mack*, Crim. No. 00-323, 2019 WL 3297495, at *11-13 (D.N.J. July 23, 2019).

Accordingly, for reasons set forth above, Defendant's Motion for Relief Under First Step Act (ECF No. 1671) is denied.

**IT IS SO ORDERED**.

                                                  s/Cameron McGowan Currie
                                                  CAMERON MCGOWAN CURRIE
                                                  Senior United States District Judge

Columbia, South Carolina
September 4, 2019